IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

LAKEYTA VINSON                                                                                    PLAINTIFF

vs.                                                          CIVIL ACTION NO. 1:22cv327 HSO-BWR

LIBERTY MUTUAL PERSONAL INSURANCE
COMPANY; ROOT INSURANCE COMPANY
and JOHN DOES 1-3                                                                            DEFENDANTS

## NOTICE OF REMOVAL

Defendant Liberty Mutual Personal Insurance Company (hereinafter "Liberty"), hereby files its Notice of Removal, removing this action from the Circuit Court of the Second Judicial District of Harrison County, Mississippi, to the United States District Court for the Southern District of Mississippi, Southern Division. In support thereof, Defendant would show as follows:

1. This is a civil action filed by Lakeyta Vinson (hereinafter "Vinson" or "Plaintiff") against Liberty Mutual Personal Insurance Company, Root Insurance Company (hereinafter "Root") and John Does 1-3 in the Circuit Court of the Second Judicial District of Harrison County, Mississippi, bearing civil action no. 22-cv-0228. Both Liberty and Root were served with process on November 4, 2022, and this case first became removable to this Court at that time.

2. This action filed by the Plaintiff against Defendants Liberty and Root is a suit of a civil nature wherein the amount in controversy, exclusive of interest and costs, exceeds the sum of $75,000.00. The Plaintiff's Complaint seeks uninsured motorist benefits in the amount of $25,000 from both Defendants based upon allegations that an unknown uninsured driver struck the rear of a vehicle she was riding in as a guest passenger, causing her to sustain bodily injuries. She alleges that at the time of the accident, the vehicle in which she was riding was insured under an Auto Policy issued by Liberty, No. AOV25128984285, which provided $25,000 in uninsured motorist

coverage per person. In addition, she was insured under her own Auto Policy issued by Root, Policy No. FL8CMK, which also provided $25,000 in uninsured motorist coverage per person. In addition to seeking uninsured motorist benefits, the Plaintiff also seeks an award of punitive damages in an unspecified amount against Liberty based upon allegations of bad faith.

3. Although the Plaintiff does not specify a damage amount in her Complaint, it is facially apparent from the allegations of the Complaint and the nature of the claims asserted against Defendants that the amount in controversy exceeds the amount required for diversity jurisdiction. *See, e.g., Steilberg v. Bradley,* 2016 WL 1455454 (S.D. Miss. April 12, 2016) ("undisputed that Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000") (quoting *Holmes v Citifancial Mortg. Co.*, 436 F.Supp.2d 829,832 (S.D. Miss. Mar. 29, 2011); *Colony Ins. Co. v. Ropers of Hattiesburg, LLC et al.*, 2011 WL 1226095, at *3 (S.D. Miss. March 29, 2011) (J. Starrett) (holding "that the punitive damages claims in the underlying tort suits results in the amount of controversy requirement for this action being met"); *Haney v. Continental Cas. Co.*, 2008 WL 5111021, at *1-2 (S.D. Miss. Dec. 2, 2008) (J. Lee) (unspecified claim for punitive damages sufficient to establish diversity jurisdiction); *Easterling v. Glaxo Welcome, Inc.*, 2006 WL 1272680, at *3 (S.D. Miss. May 9, 2006) (J. Lee) (same); *Brasell v. UnumProvident Corp.*, 2001 WL 1530342, at *2 (N.D. Miss. Oct. 25, 2001) (J. Davidson) (citing *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1255 (5th Cir. 1998); *Marcel v. Pool Co.*, 5 F.3d 81, 84–85 (5th Cir.1993)); *Chambley v. Employers Ins. of Wausau*, 11 F. Supp.2d 693, 695 (S.D. Miss. 1998)(J. Barbour)("[j]uries in Mississippi frequently award damages (compensatory and punitive) in excess of $75,000 in actions based on wrongful denial of insurance benefits"); *Allstate Ins. Co. v. Hilbun*, 692 F. Supp. 698, 700-01 (S.D. Miss. 1988)("[p]unitive damages can be included to reach the amount in controversy requirement if, under the governing law of the suit, they are recoverable")(citing *Bell v Preferred Life Assurance*

*Society*, 320 U.S. 238, 64 S. Ct. 5, 88 L. Ed. 15 (1943).  An award of punitive damages in a "single digit ratio" to the claimed uninsured motorist policy benefits in the amount of $25,000 could easily exceed the $75,000 jurisdictional minimum.  *See, e.g., Allstate Ins. Co. v. Simpson,* 2018 WL 4054331, at *4 (S.D. Miss. Aug. 24, 2018) (J. Ozerden) (even if potential liability for actual property damages limited to $14,495.61, the amount in controversy nevertheless exceeds $75,000 as an award of punitive damages in a "single digit ratio" to the $14,495.61 in compensatory damages could easily exceed $75,000); *White v. Allstate Insurance Company*, No. 1:17cv350-HSO-JCG, 2018 WL 2244721, at *4 (S.D. Miss. May 16, 2018) (noting that an award of punitive damages in a "single digit ratio" to the requested $25,000 in sought after compensatory damages could easily exceed $75,000 jurisdictional minimum); *Gentiva Certified Healthcare Corp. v. Rayborn*, 2016 WL 164322, at *3 (S.D. Miss. Jan. 13, 2016) (holding that the requisite $75,000.00 jurisdictional amount compared to a potential $13,000.00 compensatory award is less than a 6 to 1 ratio, well within the "single digit ratio" which the Supreme Court in *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408, 425 (2003) suggests complies with due process); *Williams v. Wal-Mart Stores, Inc.*, No. 3:04-CV-486-WS, 2005 WL 2365271, at *2 (S.D. Miss. Sept. 20, 2005) (finding that jurisdictional amount in controversy had been met where plaintiff stated that he only sought $50,000 in damages but also included claim for punitive damages and attorney's fees).

4.     Plaintiff also seeks to recover an award of attorney's fees based upon her allegations of bad faith.   A claim for attorneys' fees may be included in determining the jurisdictional amount when they are allowed by contract or state law.  *Lee v. Allstate Insurance Company* at *3; *McKelroy v. Wood*, 2007 WL 1703835, at *1 (N.D. Miss. June 13, 2007) (citing *Foret v. Southern Farm Bureau Life Ins. Co.*, 918 F.2d 564, 537 (5th Cir. 1990)); *Harris v. Safeway Insurance Company*, 2017 WL 3275680 at *2 (S.D. Miss., March 9, 2017).  Mississippi law allows recovery of attorney fees if punitive damages are proper. *McKelroy v. Wood, Id.* at *1.  Accordingly,

3

Plaintiff's request for attorney's fees is to be included in determining whether the minimum jurisdictional limit of $75,000 has been met.

5. Diversity of citizenship existed between the Plaintiff and Defendants at the time this case was commenced by the Plaintiff, at the time of service of process on Defendant, and at the time of this removal in that:

    (a) Plaintiff, Lakeyta Vinson, is an adult resident citizen of the State of Mississippi.

    (b) Defendant Liberty Mutual Personal Insurance Company is a corporation created and existing under the laws of the Commonwealth of Massachusetts with its principal place of business in Boston, Massachusetts.

    (c) Root Insurance Company is a corporation created and existing under the laws of the State of Ohio with its principal place of business in Columbus, Ohio.

    (d) Pursuant to 28 U.S.C. § 1441 (b)(1), the fictitious defendants named in the Complaint as "John Does 1-3" are disregarded for removal purposes.

6. The civil action filed by the Plaintiff in the Circuit Court of the Second Judicial District of Harrison County, Mississippi, is one of which the District Courts of the United States have original jurisdiction pursuant to 28 U.S.C. §1332. Therefore, this action may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441.

7. The United States District Court for the Southern District of Mississippi and the Southern Division of said Court are the District and Division embracing the place wherein the aforesaid state court action is pending.

8. This Notice of Removal is being filed pursuant to 28 U.S.C. § 1446(b) within thirty days of the date the Complaint was served upon Defendant. Pursuant to 28 U.S.C. § 1446(a), attached hereto as **Exhibit A** is a true and correct copy of all process, pleadings, and orders served on Liberty and Root in this action from which it may be ascertained that this case is one which is

or has become removable to this Court in full compliance with the laws of the United States. Pursuant to L.U.Civ.R. 5(b), attached hereto as **Exhibit B** is a true, correct and complete copy of the entire state court file as of the date of this filing.  Moreover, Root consents to this Notice of Removal as will be reflected by the Consent to Removal that Root will timely file in this matter in accordance with 28 U.S.C. § 1446 (b)(2)(A) and (C).

9. Liberty will give written notice of the filing of this Notice of Removal to the Plaintiff, and a true and correct copy of this Notice will be duly filed with the Clerk of the Circuit Court of the Second Judicial District of Harrison County, Mississippi, as required by 28 U.S.C. § 1446(e).

WHEREFORE, Defendant, Liberty Mutual Insurance Company, requests this Court to proceed with the handling of this case as if it had been originally filed herein, and that further proceedings in the Circuit Court of the Second Judicial District of Harrison County, Mississippi, be hereby stayed.

This, the 1st day of December, 2022.

                                        Respectfully submitted,

                                        LIBERTY MUTUAL PERSONAL
                                        INSURANCE COMPANY

                              By:    */s/ F. Hall Bailey*
                                        F. Hall Bailey (MSB #1688)
                                        Its Attorney

OF COUNSEL:

WELLS MARBLE & HURST, PLLC
300 Concourse Blvd., Suite 200
Ridgeland, MS 39157
Telephone: (601) 605-6900
Facsimile: (601) 605-6901
hbailey@wellsmarble.com

**CERTIFICATE OF SERVICE**

I, F. Hall Bailey, do hereby certify that this Notice of Removal is being served electronically on counsel for the Plaintiff Lakeyta Vinson, Defendant Root Insurance Company and the Circuit Clerk of Harrison County, Mississippi, as follows:

J. Heath Sullivan, Esq. (via ECF)
GULF SOUTH LAW FIRM, PLLC
1423 24thc Avenue, Suite A
Gulfport, MS 39501
heath@gulfsouthlaw.com

ATTORNEY FOR PLAINTIFF

Charles C. Wimberly, III, Esq. (via MECF)
Eric R. Price, Esq.
PERRIER & LACOSTE, LLC
2501 14th Street, Suite 205
Gulfport, MS 39501
twimberly@perrierlacoste.com
eprice@perrierlacoste.com

ATTORNEYS FOR ROOT INSURANCE COMPANY

Connie Ladner, Clerk (via MECF)
Harrison County Circuit Court
P.O. Box 235
Biloxi, MS 39533

CIRCUIT CLERK OF HARRISON COUNTY

This, the 1st day of December, 2022.

              */s/ F. Hall Bailey*
              F. Hall Bailey